UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN A. SEWELL,<br><br>         Plaintiff,<br><br>    v.<br><br>FRANKLIN CREDIT MANAGEMENT CORPORATION, et al.,<br><br>         Defendants. | No. 2:24-cv-02241-DJC-CKD<br><br>**ORDER** |

    Plaintiff Marvin A. Sewell has filed an Ex Parte Motion for Temporary Restraining Order along with his initial complaint.  (Mot. (ECF No. 3); Compl. (ECF No. 1).)  Plaintiff's Motion is brief.  The substantive portion states the following:

> PLEASE TAKE NOTICE THAT I, Marvin A Sewell, Plaintiff and homeowner hereby am applying for and requesting a motion for a temporary restraining order and or an injunction to prevent eviction from my personal real property. TO ALL AFFECTED PARTIES you can apply to the court for modification/dissolution on 2 days' notice or such shorter notice as the court may allow. My home was foreclosed and auctioned by Bosco Credit, LLC and Franklin Credit Management Corporation on June 27th, 2024.

(Mot. at 1.)

////

1    Plaintiff's Complaint contains only slightly more information.  Plaintiff states that
2 on June 27, 2024, his real property was foreclosed upon. (Compl. at 6.)  Plaintiff
3 claims that Defendants never contacted Plaintiff to do a "foreclosure avoidance
4 assessment" before foreclosure occurred. (*Id.* at 4.)  Plaintiff also alleges that "there
5 are other violations that we believe took place prior to defendants filing of initial
6 lawsuit[,]" but does not specify what these violations were. (*Id.*)  The relief requested
7 in the Complaint is a Court order "to nullify the auction in which the loan went back to
8 the lender" as well as an order that the parties to engage in settlement discussion. (*Id.*
9 at 5.)

10   In order to obtain a temporary restraining order, the movant must show (1)
11 likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of
12 preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an
13 injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20
14 (2008); *see Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th
15 Cir. 2001) (noting that the standards for a preliminary injunction and a TRO are
16 "substantially identical").

17   Here, Plaintiff has not established a likelihood of success on the merits.  The
18 Court views pleadings liberally given Plaintiff's pro se status.  Even so, Plaintiff has not
19 yet stated a cause of action on which this action can proceed, let alone established a
20 likelihood of success on the merits.  The limited factual allegations within the
21 complaint only allege that Plaintiff was not contacted for "a foreclosure avoidance
22 assessment" and that "other violations" occurred. (Compl. at 4.)  Plaintiff has not
23 identified a claim and these allegations alone cannot support any cause of action.[1]  As
24 such, Plaintiff has not established a likelihood of success on the merits.

---

[1] Plaintiff has also filed a request for leave to proceed in forma pauperis. (*See* ECF No. 2.)  Should that request be granted, Plaintiff would be subject to the screening requirements of 28 U.S.C. § 1915(e)(2). This Order is not a screening of Plaintiff's Complaint, nor should it be considered determinative of the outcome of such a screening.

1     Even applying the "sliding scale" approach sometimes utilized in the Ninth Circuit and assuming the lowest possible requirement for the likelihood of success element, Plaintiff's likelihood of success must still be "such that serious questions going to the merits [are] raised . . . ." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011). As Plaintiff has not yet successfully stated a claim and it is not clear at the present time if Plaintiff is even capable of stating a claim, Plaintiff does not meet the "serious questions" measure for likelihood of success on the merits.[2]

    None of this is to say that Plaintiff will be unable to state a cause of action or that Plaintiff cannot later establish a likelihood of success on the merits. The Court only finds that at this early stage, with the limited information in Plaintiff's Complaint and Motion, and the fact that Plaintiff has not yet even stated a claim on which relief can be granted, the Court cannot find that Plaintiff has established a likelihood of success on the merits. Thus, Plaintiff's Motion must be denied as he has failed to meet one of the four Winter factors. *See Dish Network Corp. v. F.C.C.*, 653 F.3d 771, 776 (9th Cir. 2011) ("To warrant a preliminary injunction, [the movant] must demonstrate that it meets <u>all four</u> of the elements of the preliminary injunction test established in *Winter* . . . ." (emphasis added)).

    Accordingly, IT IS HEREBY ORDERED that Plaintiff's Ex Parte Motion for Temporary Restraining Order is DENIED. This matter is referred to the assigned Magistrate Judge for all further proceedings pursuant to Local Rule 302(c)(21).

    IT IS SO ORDERED.

Dated:   **August 21, 2024**

*/s/ Daniel J. Calabretta*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[2] The Court makes no finding that the irreparable harm is such that a "serious questions" test should be applied. The Court only intends to note that Plaintiff has not shown a likelihood of success, regardless of the standard applied.

3